**COPY**

CLERK OF SUPERIOR &
JUVENILE COURTS
FOR RECORD

**IN THE SUPERIOR COURT OF COLUMBIA COUNTY**

**STATE OF GEORGIA**

2015 AUG -6  PM 3: 01

CINDY MASON CLERK
COLUMBIA COUNTY GEORGIA

| | | |
|---|---|---|
| Michael Herbert Gunn, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Civil Action no. 2015CV0559 |
| | ) | |
| USAA Federal Savings Bank, | ) | |
| First Defendant, | ) | |
| | ) | |
| American Coradius International, LLC | ) | |
| Second Defendant. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT
## AND FOR DAMAGES

NOW COMES Plaintiff, Michael Herbert Gunn, and shows to the Court the

following facts:

### A. The Parties.

1.     Plaintiff is a resident of Columbia County Georgia, and this Court has

venue and Jurisdiction over this matter and these Defendants as shown by the facts

set forth herein.

2.     The First Defendant is USAA Federal Savings Bank, located at 10750

Mcdermott Freeway San Antonio, TX, and is subject to the Jurisdiction of this

Court under O.C.G.A. § 9-10-91(1).

3.     The Second Defendant is American Coradius International, LLC, a

foreign Limited Liability Company (Delaware, with Principal Office located at

Page 1 of 10

J. WADE PADGETT

2420 Sweet Home Rd. Ste. 150 Amherst, NY 14228-2244), registered to do

business in Georgia, with a registered agent at Corporation Service Company 40

Technology Parkway Southsuite 300, Ben Hill, Norcross, GA, 30092. Second

Defendant is subject to the Jurisdiction of this Court under O.C.G.A. § 9-10-

91(1).

### B. THE FACTS

4.     On August 1, 2012, Plaintiff's son, Michael P. Gunn, applied for a

$3,000.00 loan from the First Defendant. Plaintiff, Michael Herbert Gunn, agreed

to co-sign for the loan. The loan (#101686436) was processed electronically and

"e-signed" and copies of all the loan documents were provided to Plaintiff and are

attached hereto as Exhibit "A".

5.     The terms and condition in the loan documents (exhibit "A") do not

make Plaintiff a co-signer or otherwise liable or a guarantor for any other loans

(past, present or future) of Michael P. Gunn.

6.     On or about September 24, 2012, Michael P. Gunn obtained a second

loan (#1018337459) from the First Defendant in the amount of $14,997.99.

Plaintiff had no knowledge of this second loan, and did not participate, co-sign or

guarantee the second loan.

7.     Michael P. Gunn defaulted on both the first and second loans.

8.     The First Defendant began making demands and claims on the Plaintiff for repayment of both the First Loan (#101686436) and the Second Loan (#1018337459), even though Plaintiff had no connection to the Second Loan.

9.     Plaintiff made numerous calls and written communication with First Defendant regarding satisfying his obligations under the first loan (#101686436), but First Defendant was unresponsive.

10.     Plaintiff made numerous calls and written communication with First Defendant regarding the Second Loan (#1018337459), explaining that he had nothing to do with the Second Loan and the fact that he did not co-sign or guarantee that Second Loan, but First Defendant was unresponsive.

11.     Second Defendant, American Coradius International, LLC, has made multiple written demands (Exhibit "B") upon Plaintiff for payment of both the First and Second Loan.

12.     First Defendant, USAA Federal Savings Bank, has made multiple written demands (Exhibit "B") upon Plaintiff for payment of both the First and Second Loan.

13.     Neither Defendant has provided proof of valid assignment of the alleged debts from First Defendant to Second Defendant; Neither Defendant has provided proof of Plaintiff's liability or connection to the Second Loan; and

Plaintiff is uncertain as to his obligations concerning the debts and which Defendant, if any, would be entitled to payment.

## C. CLAIMS AND ACTIONS

### (i) *Request for Declaratory Judgment O.C.G.A. Title 9, Chapter 4.*

14.     Plaintiff seeks a declaratory judgment by this Court pursuant to the provisions of O.C.G.A. Title 9, Chapter 4.

15.     Plaintiff shows that there is an actual controversy between the Plaintiff and the Defendants, growing out of the facts set forth above, to wit:

(a)     The claims of the Defendants that Plaintiff is liable under the Second Loan, even though Plaintiff neither co-signed nor guaranteed the Second Loan and that the terms of his co-signing on the First Loan are limited to the First Loan;

(b)     Plaintiff's potential inconsistent and double exposure and liability between the two Defendant's, both claiming Plaintiff owes each the same debts;

(c)     The claims of Second Defendant that it is entitled to collect both loans, and has made demands to Plaintiff on both loans, even though it has not provided proof of ownership and, regardless, Plaintiff has no liability under the Second Loan.

16.    Plaintiff alleges that his rights with reference to said controversy are: He is not liable to either Defendant for either loans for the reasons set forth above or below, and Plaintiff shows that he is entitled to a declaration of these rights and a declaration with reference to his legal relations thereto.

17.    Plaintiff also shows that he has been harmed by both Defendants reporting these accounts in his name to credit reporting agencies, and has been harassed and harmed by their collection attempts, and that he will continue to be so harmed before a judgment in this proceeding, unless the Defendants are restrained from said conduct.  Therefore, the Defendants should be restrained and enjoined by this Court from further collection actions or credit reporting actions, pending the adjudication of the questions in this complaint, and in order to preserve the rights of the Plaintiff the Court should grant a restraining order (or other interlocutory extraordinary relief) pending said adjudication.

### (ii) Action Against Both Defendants for Negligence and Damages

18.    In contracting with Plaintiff as a co-signer, and for other reasons, First Defendant owed Plaintiff a duty of good faith, fair dealing and minimal competence for a lender/savings association.

19.    First Defendant breached its duties to Plaintiff when it wrongfully sought to collect the Second Loan from the Plaintiff , even though Plaintiff had no

connection or liability for the Second Loan; in failing to read the documents from the First Loan to verify that said documents do not apply to the Second Loan; and in wrongfully assigning both loans to Second Defendant and failing to provide correct information to Second Defendant (i.e., that Plaintiff was not legally connected to or obligated on the Second Loan and that the co-sign documents of the First Loan did not apply to the Second Loan); and in other ways to be shown at trial, First Defendant was negligent.

20.     Second Defendant in claiming to assume the position of the First Defendant under the Loans, or as agent of the First Defendant had similar duties and other independent duties to Plaintiff, including the duties of good faith, fair dealing and verifying independently the claimed liabilities by, for instance, requesting and reading all loans documents which would show Plaintiff had no liability under the Second Loan; in making demands against Plaintiff only when the validity of the claimed liabilities was verified and confirmed.

21.     Second Defendant breached its duties set forth above by its actions described herein and in particular as set forth below.

22.     Plaintiff has been damaged by the negligence of the Defendants in their breaching of their duties, as set forth herein, in that Plaintiff has been subject to harassment, distress, loss of good credit, has been put to unnecessary trouble and

expense, has incurred legal fees and other costs, and has suffered general damages as a result of the conduct of the Defendants, as will be more further shown at trial.

23.    Plaintiff requests an award of damages against Defendants for their negligence and damages it has caused Plaintiff.

### (iii) Violations by Both Defendants of the Georgia Fair Business Practices Act and the Federal Fair Debt Collections Practices Act.

24.    The collection activities by the Defendants are in violation of Georgia's Fair Business Practices Act, O.C.G.A. §10-1-391, and the Federal Fair Debt Collections Practices Act, 15 U.S.C. §1692.

25.    Defendants has violated various provisions of Georgia's Fair Business Practices Act (the "FBPA"), O.C.G.A. §10-1-391, and 15 U.S.C. § 1692, et. seq., the Fair Debt Collection Practices Act (the "FDCPA"), including, but not limited to Section 15 U.S.C. §1692e, Section 15 U.S.C. §1692e(2)(A), Section 15 U.S.C. §1692e(5), Section 15 U.S.C. §1692e(10), Section 15 U.S.C. §1692f(1), Section 15 U.S.C. §1692d, Section 15 U.S.C. §1692d(5), by:

(1)    Claiming, attempting, or threatening to enforce a debt when it knew, or should have known, that the debt is not legitimate and/or by asserting the existence of some other legal right when it knew, or should have known, that the right does not exist;

(2)    Falsely representing the character, amount, or legal status of the alleged debt;

(3)  Threatening to take any action that cannot legally be taken or that is not intended to be taken;

(4)  Using unfair or unconscionable means to collect or attempt to collect any debt, including the collection of any amount of the alleged debt unless such amount is expressly authorized by the agreement creating the debt or permitted by law;

(5)  Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the alleged debt; and

Any violation of the FDCPA is a *per se* violation of Georgia's FBPA.  See, *1st Nationwide Collection Agency, Inc. v. Werner*, 654 S.E.2d 428 (Ga.App. 2007).

26.    Specifically, Defendants violated the foregoing provisions of the FBPA and the FDCPA, by (1)  Willfully claiming, attempting, and threatening to enforce a debt when it knows the debt is not legitimate;  (2) Asserting the existence of legal rights to collect the debt, and/or amounts that exceeded the actual debt, that did not exist;  (3)  attempting, or threatening to enforce a debt, or portions thereof, that are not legitimately owed to Defendants and/or by asserting the existence of legal rights to collect the debt, and/or amounts that exceeded the actual debt, that did not exist; (4)  Willfully claiming, attempting, and threatening to enforce a debt when it knows the debt is not legitimate, and/or asserting the existence of legal rights to collect the debt, and/or amounts that exceeded the actual debt, that did not exist; and/or (5)  seeking collection of the debts without providing proper written notice of the alleged assignment(s) of the debt, as

required by O.C.G.A. § 44-12-22; all of which constitutes: claims, attempts or threats to enforce a debt that Defendants knew or should have known is not legitimate, and/or the assertion of the existence of some other legal right that Defendants knew or should have known does not exist; the use of false, deceptive and misleading representation or means by Defendants in connection with the collection of the alleged debt by abuse and harassment; and conduct of Defendants the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection of the alleged debt.

27.     The actions of the Defendants in violating these acts have damaged the Plaintiff and Plaintiff requests that an award of treble damages and attorney's fees be awarded to him by this Court for the Plaintiff's violations.

*(iv)  Request for Award of Attorney Fees and Litigation Expenses.*

28.     The Defendants have acted in bad faith, have been stubbornly litigius and have caused the Plaintiff unnecessary trouble and expense, entitled Plaintiff to an award of attorney's fees and expenses of litigation.

*(v)  Jury Demand.*

29.     Plaintiff Demands a trial by jury for all issues in this case.

WHEREFORE, Plaintiff demands that:

(a)   Process issue as provided by law requiring the Defendants to answer this complaint.

(b)   That upon a hearing of this matter, the Defendants be restrained and enjoined as set forth above.

(c)   That the Court enter a judgment in this matter declaring the rights of Plaintiff as requested above, to wit, that Plaintiff is not legally liable for the loan(s).

(d)   That the Court award general and special damages to Plaintiff and against Defendant.

(e)   That the Court award Plaintiff from Defendants expenses and litigation, including legal and attorney fees.

(f)   That Plaintiff have such other and further relief as to the Court may seem just and proper.

_____
ROBERT J. LOWE, JR.
Attorney for Defendant

2907 Professional Parkway
Augusta, GA  30907
(706) 860-3747
State Bar No. 459883



**AMERICAN CORADIUS INTERNATIONAL LLC**
Toll Free: 1-855-224-3012

| Creditor: | USAA FEDERAL SAVINGS BANK |
|---|---|
| Original Creditor: | USAA FEDERAL SAVINGS BANK |
| Account Number: | 1018337459 |
| Reference Number: | 6919555 |
| Account Balance: | $12,320.27 |

6919555

MICHAEL GUNN
MICHAEL GUNN
3716 WEXFORD DR
MARTINEZ GA 30907-4740

December 16, 2014

**Mail Payment To:** AMERICAN CORADIUS INTERNATIONAL LLC
2420 SWEET HOME RD STE 150
AMHERST NY 14228-2244

| Creditor | Original Creditor | Account # | Account Balance |
|---|---|---|---|
| USAA FEDERAL SAVINGS BANK | USAA FEDERAL SAVINGS BANK | 1018337459 | $12,320.27 |

Dear Michael Gunn
Michael Gunn

We are willing to your regarding your USAA FEDERAL SAVINGS BANK account.

As of the date of this letter you owe $12,320.27.

This letter will serve as confirmation that American Coradius International LLC, is willing to accept $5,544.13 to settle the above referenced account.

This offer requires that American Coradius International LLC receives your funds in the amount of $5,544.13 on or before 12-29-14.

Should you choose not to accept this offer, the account balance may be periodically increased due to the addition of accrued interest or other charges as provided in the agreement with the original creditor or as otherwise provided by state law.

If you wish to discuss this offer further, please contact our office at 1-855-224-3012 at your earliest convenience

Upon clearance of your payment, we will notify our client so they can update their records accordingly.

Make your check or money order payable to:

AMERICAN CORADIUS INTERNATIONAL LLC
2420 SWEET HOME RD STE 150
AMHERST NY 14228-2244

Should you fail to meet the above arrangement as offered, these payment terms will be cancelled and American Coradius International LLC will initiate collection of the entire outstanding balance.

Our client may be required by law to report this settlement to the IRS. You should consult a tax advisor of your own choosing if you want advice about any tax consequences which may result from this settlement.

Sincerely,

American Coradius International LLC
A Professional Debt Recovery Agency

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.
Calls to or from this company may be monitored or recorded for quality assurance purposes.

---

For your convenience you can now resolve this matter online . Logon to www.acibillpay.com to see the repayment options available to you.
You will need your 7 digit ACI reference number 6919555 available when you log in.
You can now make payment arrangements on your account using checking, credit card or debit card accounts.

---

Office Address: 2420 Sweet Home Rd Ste 150, Amherst NY 14228-2244
Hours of Operation: Mon-Thurs: 8AM-9PM, Fri: 8AM-5PM, Sat: 8AM-12PM EST

**EXHIBIT**
_B_



AMERICAN CORADIUS INTERNATIONAL LLC
Toll Free: 1-888-400-7703

| | |
|---|---|
| Creditor: | USAA FEDERAL SAVINGS BANK |
| Original Creditor: | USAA FEDERAL SAVINGS BANK |
| Account Number: | 1018357459 |
| Reference Number: | 6919555 |
| Account Balance: | $12,320.27 |

6919555

MICHAEL GUNN
MICHAEL GUNN
3715 WEXFORD DR
MARTINEZ GA 30907-4740

Mail
Payment
To

AMERICAN CORADIUS INTERNATIONAL LLC
2420 SWEET HOME RD STE 150
AMHERST NY 14228-2244

| Creditor: | Original Creditor: | Account #: | Account Balance: |
|---|---|---|---|
| USAA FEDERAL SAVINGS BANK | USAA FEDERAL SAVINGS BANK | | |

This offer requires that American Coradius International LLC receives your funds in the amount of $5,544.15 on or before 00/00/0000.

Should you choose not to accept this offer, the account balance may be periodically increased due to the addition of accrued interest or other charges as provided in the agreement with the original creditor or as otherwise provided by state law.

If you wish to discuss this offer further, please contact our office at 1-888-400-7703 at your earliest convenience.

Upon clearance of your payment, we will notify our client so they can update their records accordingly.

Make your check or money order payable to:

AMERICAN CORADIUS INTERNATIONAL LLC
2420 SWEET HOME RD STE 150
AMHERST NY 14228-2244

Should you fail to meet the above arrangement as offered, these payment terms will be cancelled and American Coradius International LLC will initiate collection of the entire outstanding balance.

Our client may be required by law to report this settlement to the IRS. You should consult a tax advisor of your own choosing if you want advice about any tax consequences which may result from this settlement.

Sincerely,

American Coradius International LLC
A Professional Debt Recovery Agency

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.
Calls to or from this company may be monitored or recorded for quality assurance purposes.

For your convenience you can now resolve this matter online. Logon to www.acibillpay.com to see the repayment options available to you.
You will need your 7 digit ACI reference number 6919555 available when you log in.
You can now make payment arrangements on your account using checking, credit card or debit card accounts.

Office Addr ss: 2420 Sweet Home Rd Ste 150 Amherst NY 14228-2244
Hours of Operat ~ Mon-Thurs: 8AM-9PM, Fri: 8 ~6PM, Sat: 8AM-12PM EST

35A RUST LANE
BOERNE, TX 78006-8202





Acordius Coradius International LLC
Toll Free: 1-888-400-7783

| Creditor: | USAA FEDERAL SAVINGS BANK |
|---|---|
| Original Creditor: | USAA FEDERAL SAVINGS BANK |
| Account Number: | 1016846436 |
| Reference Number: | 7300498 |
| Account Balance: | $1,566.56 |
| Amount Remitted: | $ |

February 16, 2015

NTC1M
1 MB   *A-02-BRT-AM-01618-11

MICHAEL GUNN
MICHAEL GUNN
3715 WEXFORD DR
AUGUSTA GA 30907-4740

Make Checks Payable to:

AMERICAN CORADIUS INTERNATIONAL LLC
2420 SWEET HOME RD STE 150
AMHERST NY 14228-2244

*PLEASE DETACH HERE AND RETURN THIS PORTION WITH YOUR PAYMENT IN THE ENVELOPE PROVIDED*

| Creditor | Original Creditor | Account # | Account Balance |
|---|---|---|---|
| USAA FEDERAL SAVINGS BANK | USAA FEDERAL SAVINGS BANK | 1016846436 | $1,566.56 |

Dear Michael Gunn
    Michael Gunn

We are writing to you regarding your USAA FEDERAL SAVINGS BANK account. This account has been placed with our office for collection.

As of the date of this letter you owe $1,566.56. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence if you pay the amount shown above, an adjustment may be necessary after we receive your payment. If an adjustment is made, we may attempt to contact you again about the adjustment. For further information, write the undersigned or call 1-888-400-7783.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

Sincerely,

American Coradius International LLC
A Professional Debt Recovery Agency

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.
Calls to or from this company may be monitored or recorded for quality assurance purposes.

For your convenience you can now resolve this matter online . Logon to www.acibillpay.com to see the repayment options available to you.
You will need your 7 digit ACI reference number 7300498 available when you log in.
You can now make payment arrangements on your account using checking, credit card or debit card accounts.

Office Address: 2420 Sweet Home Rd Ste 150, Amherst NY 14228-2244
Hours of Operation:  Mon-Thurs: 8AM-9PM, Fri: 8AM-5PM, Sat: 8AM-12PM EST



USAA Federal Savings Bank
10750 McDermott Freeway
San Antonio, Texas 78288-0544

*Henry 12-12-72*

DECEMBER 07, 2012

05604.QQTW.JSS520623253.01.01.3267

MICHAEL H GUNN
3715 WEXFORD DR
MARTINEZ, GA 30907-4740

*$14,997.99 original amount*
*SEPT 24, 2012 @ 1:15 P.M.*

Action Needed: Submit Payment on  CONSUMER LOAN

Dear MICHAEL H GUNN,

According to our records, we have not received a payment on your account ending in  7459 . The total payment due now is  $404.74.  If the total payment is not received within 15 days of the due date, a late charge will be assessed, and your next payment will be increased by that amount.

If you already made the payment, please disregard this notice and accept our thanks. Otherwise, please make a payment on usaa.com or send it to:

    Attn: Payments
    USAA Federal Savings Bank
    10750 McDermott Freeway
    San Antonio, Texas 78288

We urge you to send your payment today. Thank you for your cooperation in this matter. If you have any questions, please call us at 1-800-531-7013.

Sincerely,

Anthony Warden
AVP, Member Debt Solutions Dept.
USAA Federal Savings Bank

This is an attempt to collect a debt. Any information obtained may be used for that purpose.

*13*



FDIC
INSURED

FSTNOTLT Rev. 07-12

62252-0712_01



USAA Federal Savings Bank
10750 McDermott Freeway
San Antonio, Texas 78288-0544

*DANIA  12-12-12* (handwritten)

DECEMBER 07, 2012

05604.QQTW.JSS520623204.01.01.3218

**MICHAEL H GUNN**
**3715 WEXFORD DR**
**MARTINEZ, GA  30907-4740**

*$ 194.80 payment on 12-12-12, paid through Jan. 2013* (handwritten)

Action Needed: Submit Payment on  CONSUMER LOAN

Dear MICHAEL H GUNN,

According to our records, we have not received a payment on your account ending in  6436 . The total payment due now is  $97.42.    If the total payment is not received within 15 days of the due date, a late charge will be assessed, and your next payment will be increased by that amount.

If you already made the payment, please disregard this notice and accept our thanks. Otherwise, please make a payment on usaa.com or send it to:

      Attn: Payments
      USAA Federal Savings Bank
      10750 McDermott Freeway
      San Antonio, Texas 78288

We urge you to send your payment today. Thank you for your cooperation in this matter. If you have any questions, please call us at 1-800-531-7013.

Sincerely,

Anthony Warden
AVP, Member Debt Solutions Dept.
USAA Federal Savings Bank

This is an attempt to collect a debt. Any information obtained may be used for that purpose.

*VIRGINIA  2/6/13* (handwritten)
*IRENE  2/6/13    $2,665.32* (handwritten)



FDIC INSURED



USAA Federal Savings Bank
10750 McDermott Freeway
San Antonio, TX 78288

HERBERT GUNN                                                    December 17, 2012
3715 WEXFORD DR
MARTINEZ GA 30907-4740

Reference: Loan Ending in 6436

Dear MICHAEL GUNN:

Thank you for allowing USAA Federal Savings Bank to serve your financial needs.  In reference to your
recent inquiry, enclosed you will find the information requested on the above referenced loans.

If we can be of further assistance, please do not hesitate to call us at (800) 531-2265.

Thank you,

USAA Federal Savings Bank



USAA Federal Savings Bank
10750 McDermott Freeway
San Antonio, Texas 78288-0544

**USAA®**

JANUARY 07, 2013

05604.RKKS.JSS545585585.01.01.4323

MICHAEL H GUNN
3715 WEXFORD DR
MARTINEZ, GA_ 30907-4740

Action Needed: Submit Payment on  CONSUMER LOAN

Dear MICHAEL H GUNN,

According to our records, we have not received a payment on your account ending in  7459 . The total payment due now is  $404.74.  If the total payment is not received within 15 days of the due date, a late charge will be assessed, and your next payment will be increased by that amount.

If you already made the payment, please disregard this notice and accept our thanks. Otherwise, please make a payment on usaa.com or send it to:

       Attn: Payments
       USAA Federal Savings Bank
       10750 McDermott Freeway
       San Antonio, Texas 78288

We urge you to send your payment today. Thank you for your cooperation in this matter. If you have any questions, please call us at 1-800-531-7013.

Sincerely,

Anthony Warden
AVP, Member Debt Solutions Dept.
USAA Federal Savings Bank

This is an attempt to collect a debt. Any information obtained may be used for that purpose.

 **FDIC INSURED**

FSTNOTLT Rev. 07-12

62252-0712_01



USAA Federal Savings Bank
10750 McDermott Freeway
San Antonio, Texas 78288-0544

JANUARY 16, 2013

0S604.RV7D.JSS552241717.01.01.1561

MICHAEL H GUNN
3715 WEXFORD DR
MARTINEZ, GA 30907-4740

Second Notice: Late Charge Assessed - Submit Payment on   CONSUMER LOAN

Dear MICHAEL H GUNN,

Thank you for trusting USAA Federal Savings Bank with your banking needs. We have not received a
payment on the following account, which is now more than 15 days past due:

    Account ending in:    7459
    Total payment now due:  $404.74

Because your payment is more than 15 days past due, a late charge of $20.24   will be added to your next
payment, which is due 02/01/2013.   If your loan is on an automatic payment plan, the amount withdrawn
on that date, including the late charge, will be $424.98.

**Protect your credit rating**
If the account reaches 30 days past due, your nonpayment will be reported to all major credit bureaus, which will
damage your credit rating. We urge you to protect your credit rating by submitting the total payment now due on
usaa.com or sending it to:

    Attn: Payments
    USAA Federal Savings Bank
    10750 McDermott Freeway
    San Antonio, Texas  78288

**Managing credit - tips and tools**
There are many tools for managing credit, and here are a couple you may want to review:

- Debt Analyzer on usaa.com - Free assessment to help you learn whether you have too much debt and
  how to manage debt. (Keyword: Debt Analyzer)
- USAA Webinar on usaa.com for wiping out debt. (Keyword: Wiping Out Debt)

If you already made a payment, please disregard this notice. If you believe this notice is in error or if you have
questions, please call us at 1-800-531-7013. Thank you for choosing USAA Federal Savings Bank.

Sincerely,

Anthony Warden
AVP, Member Debt Solutions Dept.
USAA Federal Savings Bank

This is an attempt to collect a debt. Any information obtained may be used for that purpose.

SCDNOTLT Rev. 07-12

FDIC
INSURED

62253-0712_01

**Mike Gunn**

**From:** Mike Gunn <mgunn6@gmail.com>
**Sent:** 06 February, 2013 7:26 AM
**To:** Mike Gunn
**Subject:** Fwd: Payment Due on Your USAA Consumer Loan Account

Mike

---------- Forwarded message ----------
From: "USAA" <USAA.Web.Services@customermail.usaa.com>
Date: Feb 5, 2013 10:12 PM
Subject: Payment Due on Your USAA Consumer Loan Account
To: <mhg@iname.com>

 **Consumer Loan Payment Reminder**
View Accounts | Privacy Promise | Contact Us



Dear Michael Gunn,

Thank you for trusting USAA with your banking needs. This is just a friendly reminder that we haven't received a payment for your consumer loan account ending in 6436. If you've already made the payment, please accept our thanks and disregard this message.

You can make your payment today at usaa.com, mobile.usaa.com from your mobile device, or by phone at 1-800-531-USAA (8722).

**Benefits of keeping your consumer loan with USAA**
By keeping your loan with us, we can continue providing you with the following benefits:

- 24/7 access to your account information on usaa.com
- Award-winning customer service
- No prepayment penalties

We value your business and the opportunity to serve you.

Make a payment

Sincerely,

Anthony Warden
Assistant Vice President, Member Debt Solutions
USAA Federal Savings Bank

1

**Mike Gunn**

| | |
|---|---|
| From: | Mike Gunn <mgunn6@gmail.com> |
| Sent: | 06 February, 2013 7:34 AM |
| To: | Mike Gunn |
| Subject: | Fwd: Payment Due on Your USAA Consumer Loan Account |

Mike

————— Forwarded message —————
From: "USAA" <USAA.Web.Services@customermail.usaa.com>
Date: Feb 5, 2013 1:36 PM
Subject: Payment Due on Your USAA Consumer Loan Account
To: <mhg@iname.com>



### Consumer Loan Payment Reminder
View Accounts | Privacy Promise | Contact Us



Dear Michael Gunn,

Thank you for trusting USAA with your banking needs. This is just a friendly reminder that we haven't received a payment for your consumer loan account ending in 7459. If you've already made the payment, please accept our thanks and disregard this message.

You can make your payment today at usaa.com, mobile.usaa.com from your mobile device, or by phone at 1-800-531-USAA (8722).

**Benefits of keeping your consumer loan with USAA**
By keeping your loan with us, we can continue providing you with the following benefits:

- 24/7 access to your account information on usaa.com
- Award-winning customer service
- No prepayment penalties

We value your business and the opportunity to serve you.

> Make a payment

Sincerely,

Anthony Warden
Assistant Vice President, Member Debt Solutions
USAA Federal Savings Bank

1



USAA Federal Savings Bank
10750 McDermott Freeway
San Antonio, Texas 78288-0544

**USAA®**

03144.WHKZ.JSS604545175.01.01.1324

April 2, 2013

MICHAEL P GUNN
MICHAEL H GUNN
5140 WELLS DR
EVANS GA 30809-7056

**Action Needed: Make Your Loan Payment Today**

Dear Michael P Gunn & Michael H Gunn,

Our records show that your loan account ending in 7459 is now 30 days past due, which places it in default. To avoid continued collection activity, we strongly urge you to restore your account to good standing and pay the past-due amount of $563.96 before April 22, 2013.

**Payment options**
There are three ways to make your loan payment:

1. Online at usaa.com
2. By phone at 1-800-531-7013
3. Mail to:  Attn: Payments
             USAA Federal Savings Bank
             10750 McDermott Freeway
             San Antonio, TX 78288-0570

*paid on 4/16/13 via online from Wells Fargo posted on 4/18/13.*
*additional $40.46 sent on 4/25/13 to bring loan up to date.*

**Required Notice–Credit Bureau Notified**
Pursuant to the Fair and Accurate Credit Transactions Act, we are notifying you of the following:

      We have informed a credit bureau about a late payment, missed payment or other default on your account. This information may be reflected in your credit report.

**What to do if you've filed for bankruptcy**
If you've declared bankruptcy, call us immediately at 1-800-531-7013 so we can honor all provisions of the United States Bankruptcy Code. If you're outside the U.S., call us collect at 1-210-498-2722.

25052234                    DM03144    BKSV.BKDEFAULT                    89532-0112    FDIC INSURED



**We value your membership and want to help**
If you're unable to pay the past-due amount, we can help. Please call us at 1-800-531-7013 to discuss possible payment arrangements. If you're outside the U.S., call us collect at 1-210-498-2722. We value your business and appreciate your prompt attention to this matter. We're available Monday through Thursday from 7 a.m. to 8 p.m. and Friday and Saturday from 7 to 11 a.m., Central time.

Sincerely,

Anthony Warden
AVP, Member Debt Solutions Dept.
USAA Federal Savings Bank

This is an attempt to collect a consumer debt. Any information obtained may be used for that purpose.



USAA Federal Savings Bank
10750 McDermott Freeway
San Antonio, TX 78288-0544

**Insurance Disclosure Form**

08/01/2012

## Applicant Information

MICHAEL P GUNN
9362D BASTOGNE LOOP
FORT DRUM, NY 13603-3100

MICHAEL H GUNN
3715 WEXFORD DR
MARTINEZ, GA 30907-4740

1000000573867383
1000000573867386

BANK_025052334_LC2_2_1
1016846436

## Important Legal Information

**For all applicants:** For purposes of this paragraph, "Product" refers to any insurance or annuity you purchase from USAA Federal Savings Bank, any of our affiliates, or an unaffiliated third party to whom you were referred. With regard to any Product you purchase, the following apply:



- The Product is not a deposit account or other obligation of, and is not guaranteed, insured, issued or underwritten by USAA Federal Savings Bank, any depository institution, the Federal Deposit Insurance Corporation (FDIC), or any agency of the United States.
- The Product may involve investment risk, including potential loss of principal.
- Approval and terms of your loan are not conditioned upon your purchase of the Product from USAA Federal Savings Bank, any of our affiliates, or an unaffiliated third party to whom you were referred or your agreement to provide any credit, product or service to USAA Federal Savings Bank or any of our affiliates. Your choice of insurance provider will not affect our credit decision or your credit terms.
- The Product may be obtained from another agent or insurance company of your choice.
- USAA Federal Savings Bank may not disapprove any insurance policy you provide for the protection of the real property securing repayment of the loan, unless such disapproval is based solely on reasonable standards uniformly applied relating to the extent of coverage required and the financial soundness and the services of the insurance company, agent, solicitor or broker. The standards will not discriminate against a particular type of insurer or reject a policy because it contains coverage in addition to that required in the credit transaction.
- Instead of purchasing the Product, you have the option of providing the required insurance through an existing policy of insurance owned or controlled by you.

**For applicants in the state of Kentucky:**
**Notice of Free Choice of Agent and Insurer.** The Kentucky Insurance Code, KRS 304.12-150, provides that when insurance is required according to the terms of a debt or loan I have the right to choose the agent and insurer through or by which my insurance is to be placed. My free choice of an agent and insurer and an adequate insurance policy cannot be refused. If I, as a consumer, am denied my right to choose, or if an adequate insurance policy is refused, I should notify the Commissioner of Insurance at P.O. Box 517, Frankfort, Kentucky 40602 or 1-800-595-6053. FI-02 (07/2002)

**Financial Institution Disclosure.** The insurance offered by this financial institution is not a deposit. The insurance offered by this institution is not insured by the Federal Deposit Insurance Corporation or other government agency that insures deposits. The insurance offered by this financial institution is not guaranteed by the financial institution or an affiliate. The insurance may involve investment risk, including potential loss of principal. FI-03 (07/2002)

**For applicants in the state of Massachusetts:** The Code of Massachusetts Regulations, 209 CMR, 49.06(7)(a), provides that a consumer may file any complaints with the Massachusetts Office of Consumer Affairs at 1000 Washington Street, Suite 810, Boston MA 02118-6200 or Phone: (617) 521-7794.

DM 449



EXHIBIT
A

91649-0712

Electronically signed on : August 01, 2012 01:28:08 PM

### Itemization of Amount Financed

| | |
|---|---|
| Amount given to me directly | $ _____ 3,000.00 |
| Amount paid on my (loan) account | $ _____ |
| | |
| Amount paid to others on my behalf (You may retain or receive a portion of these amounts.) | |
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |
| (less) Prepaid Finance Charge(s) | $ _____ |
| Amount Financed | $ _____ 3,000.00 |

1000000057367385
1000000057367386

BANK 025052334_LC_7_2
101846436

### Promissory Note

**Definitions.** As used in this Loan Agreement, ☒ indicates terms that apply to this Loan Agreement. *Loan Agreement* refers to this Promissory Note, Security Agreement, and Truth in Lending Disclosures, and any extensions, renewals, modifications, and substitutions of this Loan Agreement. *Loan* refers to this transaction generally, including obligations and duties arising from the terms of all documents prepared or submitted for this transaction, such as applications, security agreements, disclosures, or notes, and this Loan Agreement. *Security Agreement* refers to the security agreement contained within this Loan Agreement. *Secured Debts* refers to all sums advanced by you under the terms of this Loan Agreement. The pronouns *I*, *me* and *my* refer to each Borrower signing this Loan Agreement, individually and together with their heirs, successors and assigns, and each other person or legal entity (including guarantors, endorsers, and sureties) who agrees to pay this Loan Agreement. *You* and *your* refer to the Lender and its successors and assigns.

**Promise to Pay.** For value received, I promise to pay to you, or your order, at your address above, the principal sum of **$3,000.00**, plus interest from **08/01/2012** at the rate of **10.49%** per year until **08/01/2015**. Interest accrues on a **ACTUAL / 365** basis. The purpose of this loan is **Cover Personal, Family or Household Expenses.**

**Payment.** I will pay this note as follows:

☐ **Interest due**

   **Principal due**

☒ This note has **36** payments. The first payment will be in the amount of **$97.42** and will be due **09/01/2012.**
   A payment of **$97.42** will be due on the **1ST** day of each **MONTH** thereafter.
   The final payment of the entire unpaid balance of principal and interest will be due **08/01/2015.**

Unless otherwise provided in the Other Terms section, each payment I make on this Loan Agreement will be applied first to any charges I owe other than principal and interest, then to interest that is due, and finally to principal that is due. No late charge will be assessed on any payment when the only delinquency is due to late fees assessed on earlier payments and the payment is otherwise a full payment. The actual amount of my final payment will depend on my payment record.
**Interest.** Interest will accrue on the unpaid principal balance until paid in full. For interest calculation purposes, the accrual method used will determine the number of days in a year. The interest rate and other charges on this Loan Agreement will never exceed the highest rate or charge allowed by law for this loan. If the amount collected is found to exceed the highest rate or charge allowed, you will refund an amount necessary to comply with the law either by a credit to my account or payment to me.
**Post-Maturity Interest.** Interest will accrue after maturity on the unpaid balance of this note on the same basis as interest accrues before maturity, unless a specific post-maturity interest rate is agreed to in the next sentence.

☒ Interest will accrue at the rate of **18.00%** per year on the balance of this note not paid at maturity, including maturity by acceleration.

Simple Interest Note, Disclosure, and Security Agreement
⬤ Wolters Kluwer Financial Services - Bankers Systems™ Form USAMDASEIX 4/14/2011

Consumer Loan - Not for Open-End Credit
Page 2 of 7

55159-0112

Electronically signed on : August 01, 2012 01:28:08 PM

### Note, Disclosure, and Security Agreement
### NONNEGOTIABLE PROMISSORY NOTE

| Lender | Borrower(s) |
|---|---|
| USAA Federal Savings Bank<br>10750 McDermott Freeway<br>San Antonio, TX 78288 | MICHAEL P GUNN<br>9362D BASTOGNE LOOP<br>FORT DRUM, NY 13603-3100<br><br>MICHAEL H GUNN<br>3715 WEXFORD DR<br>MARTINEZ, GA 30907-4740 |

Loan Number  1016846436
Loan Date  08/01/2012
Maturity Date  08/01/2015
Loan Amount  $ 3,000.00
Renewal of  _____

## This is a Consumer Credit Transaction

*Truth-in-Lending Disclosures*

| ANNUAL PERCENTAGE RATE<br>The cost of my credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost me. | Amount Financed<br>The amount of credit provided to me or on my behalf. | Total of Payments<br>The amount I will have paid when I have made all scheduled payments. |
|---|---|---|---|
| 10.4535% | $508.04 | $3,000.00 | $3,508.04 |

My Payment Schedule Will Be:

| Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 35 | $97.42 | MONTHLY DUE STARTING 09/01/2012 |
| 1 | $98.34 | FINAL PAYMENT DUE 08/01/2015 |

**Prepayment.** If I pay off this note early, I will not have to pay a penalty.

☒ **Late Charge.** If a payment is late (more than 15 days after due) I will be charged a fee equal to 5% of the payment.

**Security.** I am giving a security interest in:

☐ the goods or property being purchased.
☐ (brief description of other property)
　　UNSECURED

**Filing Fees. $0.00 "e"**

☐ **Required Deposit.** The annual percentage rate does not take into account my required deposit.
☐ **Assumption.** Someone buying the property securing this obligation cannot assume the remainder of the obligation on the original terms.

**Contract Documents.** I can see other sections of this Loan Agreement for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

"e" means an estimate.

Simple Interest Note, Disclosure, and Security Agreement
© Wolters Kluwer Financial Services - Bankers Systems™ Form USAANDASEIX 4/14/2011

1000000057367385
1000000057367386

BANK_025052334_LC_7_1
1016846436

Electronically signed on : August 01, 2012 01:23:08 PM



USAA Federal Savings Bank
10750 McDermott Freeway
San Antonio, TX 78288-0544

**Notice to Co-Signer**

NOTICE TO CONSUMER:

- DO NOT SIGN THIS PAPER BEFORE READING IT OR IF IT CONTAINS ANY BLANK SPACES.
- I AM ENTITLED TO AN EXACT COPY OF THIS PAPER AND ANY AGREEMENT I SIGN.
- I HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE DUE UNDER THIS AGREEMENT WITHOUT PENALTY AND I MAY BE ENTITLED TO A PARTIAL REFUND OF THE FINANCE CHARGE IN ACCORDANCE WITH LAW.

CAUTION - IT IS IMPORTANT THAT I THOROUGHLY READ THE NOTICE TO CO-SIGNER BEFORE I SIGN IT.

10000005736738 4
10000005736738 6

MICHAEL P GUNN                                                        08/01/2012
MICHAEL P GUNN                                                        Date

MICHAEL H GUNN                                                        08/01/2012
MICHAEL H GUNN                                                        Date

BANK_025052334_LC2_2_2
101684 6436

E SIGNED



105919-0911
Page 2 of 2

Electronically signed on : August 01, 2012 01:29:08 PM



**USAA Federal Savings Bank**
10750 McDermott Freeway
San Antonio, TX 78288-0544

**Notice to Co-Signer**

Loan #: <u>1016846436</u>
Amount Financed: <u>$3,000.00</u>
Total of Payments: <u>$3,508.04</u>
Creditor/Lender: <u>USAA Federal Savings Bank</u>

·Loan Date: <u>08/01/2012</u>
·Maturity Date: <u>08/01/2015</u>
·Kind of Debt: <u>Consumer Loan</u>

**Borrower(s)/Co-Signer(s):**

MICHAEL P GUNN
9362D BASTOGNE LOOP
FORT DRUM, NY 13603-3100

MICHAEL H GUNN
3715 WEXFORD DR
MARTINEZ, GA 30907-4740

**Signature and Certification of each Co-Signer.** (*I, me* and *my* refer to each Co-Signer signing this Notice to Co-Signer, individually and together with his/her heirs, successors and assigns, and each other person or legal entity who agrees to pay this loan. *You* and *your* refer to the Lender and its successors and assigns.)

NOTICE TO CO-SIGNER

I agree to pay the debt identified above although I may not personally receive any property, services, or money. I may be sued for payment although the person(s) who receives the property, services, or money is able to pay. I should know that the Total of Payments listed above does not include finance charges resulting from delinquency, late charges, repossession or foreclosure costs, court costs or attorney's fees, or other charges that may be stated in the note or contract. I will also have to pay some or all of these costs and charges if the note or contract, the payment of which I am guaranteeing, requires the borrower(s) to pay such costs and charges. If this debt is ever in default, that fact may become a part of my credit record.

This notice is not the note, contract, or other writing that obligates me to pay the debt. I will read that writing for the exact terms of my obligation.
I have been given a completed copy of this notice and of each writing that obligates me or another borrower on this debt.

**IF SIGNED BY FACSIMILE SIGNATURE** - I authorize USAA to accept a facsimile, scanned or other electronic reproduction ("facsimile signature") of my signature as my legally binding signature to the document of which it is a part. I further agree that each document I return to USAA with my facsimile signature is to be treated as the original document as if it had been returned with an actual original signature, and that documents with my original signature or any other copy or reproduction thereof will be treated as a copy rather than the original document. **IF SIGNED ELECTRONICALLY** - I acknowledge that I am signing this Notice to Co-Signer electronically just as if I had physically signed, executed and delivered a paper document and provided it to Lender. I acknowledge and agree to the method of authentication selected by Lender and execute this Notice to Co-Signer with the present intent to adopt and accept such method as the means of signifying my acceptance of and agreement to the terms of this Notice to Co-Signer as if I had affixed my physical signature to this Notice to Co-Signer.

Electronically signed on : August 01, 2012 01:28:08 PM



USAA Federal Savings Bank
10750 McDermott Freeway
San Antonio, TX 78288-0544

**Insurance Disclosure Form**

**For applicants in the state of New Hampshire:** The New Hampshire Insurance Code NH ST § 406-C:8 II provides that complaints regarding sale of insurance be directed to New Hampshire Insurance Department, 21 South Fruit Street, Suite 14, Concord, NH 03301, Phone 603-271-2261. Consumer Hotline 1-800-852-3416.

**For applicants in the state of Washington:** The Washington Insurance Code, Section 48.30.260 provides that the insurance related to this loan may be purchased from any insurer, surplus line broker, or insurance producer of your choice, subject only to USAA Federal Savings Bank's right to reject.

**Validation and Signature**

By signing below, you acknowledge that you have received a copy of this form on today's date. Unless this form is provided electronically or you have purchased the Product/Insurance by mail, you also acknowledge that we have provided these disclosures to you orally.



| MICHAEL P GUNN | 08/01/2012 |
|---|---|
| MICHAEL P GUNN | Date |

| MICHAEL H GUNN | 08/01/2012 |
|---|---|
| MICHAEL H GUNN | Date |

E SIGNED

1000000057367383
1000000057367386

BANK_025052334_LC2_2_2
1016846436

Electronically signed on : August 01, 2012 01:28:08 PM

## Signatures

By signing, I agree to the terms contained in this Loan Agreement. I also acknowledge receipt of a copy of this Loan Agreement on today's date.

IF SIGNED BY FACSIMILE SIGNATURE - I authorize USAA to accept a facsimile, scanned or other electronic reproduction ("facsimile signature") of my signature as my legally binding signature to the document of which it is a part. I further agree that each document I return to USAA with my facsimile signature is to be treated as the original document as if it had been returned with an actual original signature, and that documents with my original signature or any other copy or reproduction thereof will be treated as a copy rather than the original document.

IF SIGNED ELECTRONICALLY - I acknowledge that I am signing this Loan Agreement electronically just as if I had physically signed, executed and delivered a paper document and provided it to Lender. I acknowledge and agree to the method of authentication selected by Lender and execute this Loan Agreement with the present intent to adopt and accept such method as the means of signifying my acceptance of and agreement to the terms of this Loan Agreement as if I had affixed my physical signature to this Loan Agreement. If I or the Property is located in a state which requires a physically executed Loan Agreement for purposes of perfecting a security interest in the Property, any true and complete physical reproduction of the electronically or digitally executed Loan Agreement such as a printed copy, shall be deemed as the same or legal equivalent of the duplicate of the original electronic agreement. A certified copy of the electronic contract will be provided to the recording or titling authority upon request.

Cosigners. See separate Notice to Cosigner before signing.

NOTICE TO CONSUMER:

- ◆ DO NOT SIGN THIS PAPER BEFORE READING IT OR IF IT CONTAINS ANY BLANK SPACES.
- ◆ I AM ENTITLED TO AN EXACT COPY OF THIS PAPER AND ANY AGREEMENT I SIGN.
- ◆ I HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE DUE UNDER THIS AGREEMENT WITHOUT PENALTY AND I MAY BE ENTITLED TO A PARTIAL REFUND OF THE FINANCE CHARGE IN ACCORDANCE WITH LAW.

CAUTION - IT IS IMPORTANT THAT I THOROUGHLY READ THE CONTRACT BEFORE I SIGN IT.

X MICHAEL P GUNN          X MICHAEL H GUNN
MICHAEL P GUNN              MICHAEL H GUNN

X _____          X _____

---

**Third Party Agreement**

For the purposes of the provisions within this enclosure, I, me or my means the person signing below and you means the Lender identified in this Loan Agreement.

I agree to give you a security interest in the Property that is described in the Security Agreement section. I agree to the terms of this Loan Agreement, but I am in no way personally liable for payment of the debt. This means that if the Borrower defaults, my interest in the secured Property may be used to satisfy the Borrower's debt. I agree that you may, without releasing me or the Property from this Third Party Agreement and without notice or demand upon me, extend new credit to any Borrower, renew or change this Loan Agreement one or more times and for any term, or fail to perfect your security interest in, impair, or release any security (including guaranties) for the obligations of any Borrower.

I have received a completed copy of this Loan Agreement.

X _____          X _____

---

Simple Interest Note, Disclosure, and Security Agreement
® Wolters Kluwer Financial Services - Bankers Systems™ Form USAANDASSITX 4/14/2011

Consumer Loan - Not for Open-End Credit
Page 7 of 7

55138-0112

Electronically signed on : August 01, 2012 01:29:08 PM

10000005736738 5
10000005736738 6
BANK_025052334_LC_7_7
1016846436



**Duties Toward Property.** I will protect the Property and your interest against any competing claim. Except as otherwise provided in this Loan Agreement, I will keep the Property in my possession and located or registered at the address indicated in this Loan Agreement. I will keep the Property in good repair and use it only for personal, family, or household purposes. I will immediately inform you of any loss or damage to the Property. You have the right of reasonable access to inspect the Property. I will pay all taxes and assessments levied or assessed against me or the Property. I will not sell, lease, license, or otherwise transfer or encumber the Property without your prior written consent. You do not authorize any sale or other disposition of the Property. Any sale or disposition you do not authorize will violate your rights. If I pledge the Property to you (deliver the Property into your, or your designated third party's possession or control), I will, upon receipt, deliver any proceeds and products of the Property to you. I will provide you with any notices, documents, financial statements, reports, and other information relating to the Property I receive as the owner of the Property.

**Insurance.** I agree to buy insurance on the Property against the risks and for the amounts you require. I will name you as loss payee on any such policy. You may require added security on this loan if you agree that insurance proceeds may be used to repair or replace the Property. I agree that if the insurance proceeds do not cover the amount I still owe you, I will pay the difference. If I buy the required insurance (rather than furnishing it through existing policies I own or control), I will buy it from the company of my choice that is authorized to do business in the state where the Property is located and that is reasonably acceptable to you. I will keep the insurance until all debts secured by this agreement are paid. I will furnish you with evidence of all required insurance coverage. In the event I fail to acquire or maintain insurance, you (after providing notice as may be required by law) may buy insurance to protect your interest in the Property and add the cost of insurance to the balance due on this Loan. At your option, you may adjust my payments under this Loan Agreement so that I pay the new principal balance at the applicable interest rate over the remaining term of my Loan.

**Authority to Perform.** I authorize you to do anything, except appear in a judicial proceeding, you deem reasonably necessary to protect the Property and your security interest in the Property. If I fail to perform any of my duties under this Loan Agreement, you are authorized, after providing me with any required notice and opportunity to perform, to perform the duties or cause them to be performed and add the costs of performance to the Secured Debt. These authorizations include, but are not limited to, permission to pay for the repair, maintenance, and preservation of the Property and taking any action to obtain or preserve the benefits and rights of the Property. Your authority to perform for me will not create an obligation to perform and your failure to perform will not preclude you from exercising any other rights under the law or this Security Agreement. If you come into actual or constructive possession of the Property, you will preserve and protect the Property to the extent required by law.

**Power of Attorney to Sign For Owner When Registering and/or Transferring Ownership of a Motor Vehicle.** I am the owner of any motor vehicle described in this Security Agreement, and I appoint you attorney-in-fact to sign my name to any Certificate of Title or other supporting papers, covering the motor vehicle, in any manner necessary to register and/or transfer ownership of the motor vehicle; additionally I appoint you as attorney-in-fact to perform any other acts necessary to register, perfect your security interest in, or transfer title to the vehicle described in this Security Agreement; or to request and receive a certified title or other similar document for this vehicle.

**Modifications By Lender.** This Loan Agreement includes a specific description of the property pledged to secure payment of this Loan, the terms and conditions of the Loan, and the method and amounts of any disbursements of the Loan proceeds. If any element of these items is in error, you will notify me in writing of the error and the necessary amendment. I may confirm my agreement to the amendment in writing or by forwarding my payment to you.

**Patriot Act Notice**

**IMPORTANT:** Federal law requires us to obtain, verify, and record your name, address, date of birth, and other information that will allow us to identify you when you open an account and in certain other circumstances.

Simple Interest Note, Disclosure, and Security Agreement

© Wolters Kluwer Financial Services - Bankers Systems™ Form USAANDASSRX 4/14/2011

Consumer Loan - Not for Open-End Credit
Page 6 of 7

55138-0112

Electronically signed on : August 01, 2012 01:29:38 PM

1000000057367385
1000000057367386

BANK_025052334_LC_7_6
1016946436

**In Colorado:** If this loan contains a fee or premium for guaranteed automobile protection, you and any assignees of this loan are subject to all claims and defenses which I could assert against you resulting from my purchase of guaranteed automobile protection.

**In Colorado and Indiana:** If any scheduled payment on this loan is more than twice as large as the average of all other regularly scheduled payments on the loan, I have the right to refinance the amount of that payment at the time it is due at your prevailing rates for such type of loan if I meet your normal credit standards and provided you are, at that time, in the business of making such loans.

**In Louisiana:** Louisiana law permits repossession of motor vehicles without judicial process.

**In Maryland:** You and I agree that you have elected that this Loan Agreement be governed by Title 12, Subtitle 10 of the Commercial Law Article of the Maryland Code. You and I also agree that this election (1) is applicable only with respect to those aspects of this transaction not otherwise governed by the laws of Texas and/or the United States of America, and (2) in no way limits the provisions of this Loan Agreement governed by the laws of Texas and/or the United States of America, including those concerning interest, exportation of interest and preemption of state law.

**In Wisconsin:** This obligation is or will be incurred in the interests of the marriage or family.



## Security Agreement

**Security.** To secure the obligations of this Loan Agreement, I give you a security interest in the Property described below:



**Generally.** *Property* means any collateral described in this Loan Agreement in which I have an interest, now or in the future, wherever the Property is or will be located, and all proceeds and products from the Property. Property includes all parts, accessories, repairs, replacements, improvements, and accessions to the Property; any original evidence of title or ownership; and all obligations that support the payment or performance of the Property.

**Purchase Money Security Interest.** If this is a purchase money loan (the loan proceeds are used to purchase the collateral), the portion of the Property purchased with loan proceeds will remain subject to your purchase money security interest until the Secured Debts are paid in full. Payments on any non-purchase money loan also secured by this Security Agreement will not be applied to the purchase money loan. Payments on the purchase money loan will be applied first to the non-purchase money portion of the loan, if any, and then to the purchase money portion in the order in which the purchase money Property was acquired. If the purchase money Property was acquired at the same time, then payments will be applied in the order you select. No security interest will be terminated by application of this formula.

**Perfection of Security Interest.** I authorize you to file a financing statement covering the Property. I agree to take all necessary action to provide you with a perfected security interest in or lien on the Property and to comply with, facilitate, and otherwise assist you in connection with perfecting your security interest under the Uniform Commercial Code, certificate of title laws or other law applicable to obtaining a lien or security interest in the Property enforceable against others claiming an interest in the Property. A copy of this security agreement may be used as a financing statement when allowed by law.

Electronically signed on : August 01, 2012 01:29:08 PM

**Obligations Independent.** I understand that my obligation to pay this Loan is independent of the obligation of any other person who has also agreed to pay it. You may, without notice, release me or any of us, give up any right you may have against any of us, extend new credit to any of us, or renew or change this Loan Agreement one or more times and for any term, and I will still be obligated to pay this Loan. You may, without notice, fail to perfect your security interest in, impair, or release any security and I will still be obligated to pay this Loan.

**Privacy.** I agree that you may furnish, on a regular basis, credit and experience information regarding my Loan to others seeking such information to the extent permitted by law. This includes, without limitation, furnishing information about me and my Loan necessary to effect, administer, or enforce the terms of my Loan or my account. To the extent permitted by law, I agree that from time to time you may receive credit information about me from others, including other lenders and credit reporting agencies. To the extent permitted by law, I agree that you will not be liable for any claim arising from the use of information provided to you by others or for providing such information to others. You have furnished your privacy policy to me. This policy describes your information sharing practices and gives information on how I can inform you of my information sharing preference with other companies or organization. I agree that if I have not exercised the opt out or limitation rights described in your privacy policy, you will be entitled to rely on that lack of exercise and share personal information as defined and described in your privacy policy.

**Deferred Payments.** You and I agree to defer one or more payments required by the terms of this Loan Agreement. If we do so, you may collect additional interest for the deferment period as provided by law.

**Notice of Negative Credit Reporting.** As required by applicable law, I am hereby notified that a negative credit report reflecting on my credit record may be submitted to a credit reporting agency if I fail to fulfill the terms of my credit obligations.

**General Provisions.** This Loan Agreement is governed by the laws of Texas, the United States of America, and to the extent required, by the laws of the jurisdiction where the Property is located. You and I agree this Loan Agreement is subject to federal laws, regulations, case law, and regulatory opinions and interpretations governing interest, the exportation of interest, and preemption of state law. You and I also agree this Loan Agreement is underwritten, made, and accepted in the state of Texas. If two or more Borrowers sign this Loan Agreement, we are liable to repay jointly and severally. This Loan Agreement is the complete and final expression of our agreement. No amendment of this Loan Agreement is effective unless: (1) made in writing and signed by me and you, or (2) I request that you amend the Loan Agreement and you confirm the amendment in a record sent to me and I do not object to the amendment within 10 days from the date of the confirmation, or (3) as provided elsewhere in this Loan Agreement. The duties and benefits of this Loan Agreement will bind and benefit my and your successors and assigns. If any provision of this Loan Agreement is unenforceable, then the unenforceable provision will be severed and the remaining provisions will be enforceable.

Unless otherwise required by law, any notice will be given by delivering it or mailing it by first class mail to my last known address. Notice to one party will be deemed to be notice to all parties. Where a notice is required, I agree that 10 days prior written notice will be reasonable notice to me under the Uniform Commercial Code or other applicable state law.

I agree to sign, deliver, and file any additional documents or certifications that you may consider necessary to perfect, continue, and preserve my obligations under this Loan and to confirm your lien status on any Property.

**Preservation of Consumer Claims and Defenses.** If I am purchasing goods or services using proceeds of this loan from a seller, contractor, or other individual or entity that has a business arrangement with you, as defined in 16 CFR 433.1(g), this important notice applies to this loan:

**NOTICE**
ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

**State Specific Disclosures:**

**In Arizona: My Liability for Failure to Return Vehicle:** If I am in default, you may send me a notice of default. It is unlawful to fail to return a motor vehicle subject to a security interest within 30 days after receiving notice of default. A notice of default may be mailed to the address on the contract. It is my responsibility to keep the listed address current. Assuming I have no history of prior felony convictions, the maximum penalty for failure to return a motor vehicle subject to a security interest is 1 year in prison and a $150,000 fine.

I acknowledge an express intent to grant a security interest in the property and hereby waive and abandon all personal property exemptions granted upon the vehicle, which is the subject of this contract. NOTICE: BY GIVING YOU A SECURITY INTEREST IN THE PROPERTY, I WAIVE ALL RIGHTS PROVIDED BY LAW TO CLAIM SUCH PROPERTY EXEMPT FROM PROCESS.

Electronically signed on : August 01, 2012 01:28:08 PM

For purposes of this section, maturity occurs on any of the following dates.
- ◆ On the date of the last scheduled payment of principal.
- ◆ On the date you accelerate the due date of this Loan Agreement (demand immediate payment).

**Prepayment.** I may prepay this Loan Agreement in whole or in part at any time without penalty. Any partial prepayment will not excuse any later scheduled payments until I pay in full.

☒ **Returned Payment Fee.** I agree to pay a service charge of $ 29.00 for each payment (check or automatic payment) returned unpaid.

☒ **Late Charge.** If a payment is late (more than 15 days after due) I will be charged and pay a fee equal to 5% of the payment.

☐ **Other Terms.**

**Warranties and Representations.** The Property has not been and will not be used for any purpose that would violate any laws or subject the Property to forfeiture or seizure.

**Default.** I will be in default if any of the following occur.
- ◆ I fail to make a payment when due.
- ◆ I fail to perform any condition or keep any promise of this or any agreement I have made with you related to this Loan Agreement.
- ◆ You, in good faith, believe that the prospect of payment or the prospect of my performance of any other of my obligations under this note or any agreement securing this Loan Agreement is impaired.
- ◆ I make any false statement in connection with this Loan Agreement.
- ◆ I breach any certification, warranty or representation I make in this Loan.

**Remedies.** After you give any legally required notice and opportunity to cure the default, you may at your option do any one or more of the following.
- ◆ Make all or any part of the amount owing by the terms of this Loan Agreement due.
- ◆ Increase the interest rate to the Post-Maturity interest rate and increase my payments so they will repay the outstanding principal balance of my Loan over the remaining term of my Loan at the new interest rate.
- ◆ Use any and all remedies you have under state or federal law, or in any instrument securing this Loan Agreement.
- ◆ Make a claim for any and all insurance benefits or refunds that may be available on my default.
- ◆ Set off any amount due and payable under the terms of this Loan Agreement against my right to receive money from you, unless prohibited by law.
- ◆ Make amounts advanced on my behalf due and add those amounts to the balance owing under the terms of this Loan Agreement.
- ◆ Require me to gather the Property and make it available to you in a reasonable fashion (unless prohibited by law); keep or dispose of the Property as provided by law; apply the proceeds to your expenses of collection and enforcement and then to the Secured Debts; and, unless prohibited by law, and following any required notice of deficiency, hold me liable for any deficiency if what you receive from the sale does not satisfy the Secured Debts.
- ◆ Keep the Property to satisfy the debt.

By choosing any one or more of these remedies you do not give up your right to use any other remedy. You do not waive a default if you choose not to use a remedy. By electing not to use any remedy, you do not waive your right to later consider the event a default and to use any remedies if the default continues or occurs again.

**Waivers.** To the extent not prohibited by law, I waive protest, presentment for payment, demand, notice of acceleration, notice of intent to accelerate, and notice of dishonor. You may renew or extend payments on this Loan Agreement, regardless of the number of such renewals or extensions. You may release any Borrower, endorser, guarantor, surety, accommodation maker, or any other cosigner. You may release, substitute, or impair any Property securing this Loan Agreement.

**Collection Expenses and Attorneys' Fees.** On or after Default, to the extent permitted by law, I agree to pay all reasonable expenses of collection, enforcement, or protection of your rights and remedies under this Loan Agreement. Expenses include, but are not limited to, attorneys' fees (if assessed by a court), court costs and other legal expenses. To the extent permitted by the United States Bankruptcy Code, I agree to pay the reasonable attorneys' fees you incur to collect this debt as awarded by any court exercising jurisdiction under the Bankruptcy Code.

Electronically signed on : August 01, 2012 01:22:08 PM